IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSENDO MEJIA FLORES, ) | |
| ) | |
| Petitioner, ) | No. 25 C 12916 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| SAM OLSON, Field Office Director of ) | |
| Enforcement and Removal Operations, Chicago ) | |
| Field Office, Immigration and Customs ) | |
| Enforcement; KRISTI NOEM, Secretary, U.S. ) | |
| Department of Homeland Security; U.S. ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY; PAMELA BONDI, U.S. Attorney ) | |
| General; EXECUTIVE OFFICE FOR ) | |
| IMMIGRATION REVIEW, WARDEN DOE, ) | |
| Warden of Broadview Processing Center ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Rosendo Mejia Flores ("Flores") has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in Immigration and Customs Enforcement ("ICE") custody. For the following reasons, the court grants Flores's petition. Respondents are ordered to provide Flores with a bond hearing pursuant to the process outlined in 8 U.S.C. § 1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by November 8, 2025, the court orders Flores to be released.

**BACKGROUND**

Flores is a citizen of Mexico. He has resided in the United States since 2006 and lives in Skokie, Illinois with his wife and three children, all of whom are United States citizens. Flores

1

owns his own landscaping company and, as far as the court is aware, has no criminal history apart from traffic violations.

On or around October 21, 2025, petitioner was arrested by ICE officers in a Walgreens parking lot. ICE did not have an arrest warrant for Flores.

Flores filed this petition while in custody at Broadview Processing Center ("Broadview") in Broadview, Illinois on October 22, 2025. On October 23, 2025, this court, exercising its authority under the All Writs Act, 28 U.S.C. § 1651, ordered respondents not to remove Flores from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the states of Illinois, Indiana, or Wisconsin. In addition, the court ordered respondents to make a preliminary filing stating, among other things, whether Flores was located in the Northern District of Illinois at the time this case was filed, the status of Flores's immigration proceedings, and Flores's current location and the proper respondent based on that location. The court set an initial status hearing for October 28, 2025.

At that status hearing, respondents informed the court that Flores was at Broadview when his petition was filed, but that he was in transit to the North Lake Processing Center ("Baldwin") in Baldwin, Michigan, before the court issued its October 23, 2025, order. Flores remains at Baldwin. Flores has not had an 8 U.S.C. §1226(a) bond hearing or any other sort of bond hearing before an immigration court. Respondents were unable to provide the court with the name of a proper respondent based on Flores's detention at Baldwin.

**DISCUSSION**

**A. Jurisdiction**

Because Flores was in custody in Illinois when he filed his petition, the court may properly hear the petition regardless of his subsequent transfer to Michigan. Ex parte Endo, 323 U.S. 283, 307 (1944); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025); In re Hall, 988 F.3d 376, 378-79 (7th Cir. 2021).

Respondents make the same jurisdictional arguments here that they have made in numerous courts across the country—including in this district. A vast majority of those courts concluded that they had jurisdiction over petitions challenging denial of petitioners' right to seek bond. See, e.g., Miguel v. Noem et al, No. 25-cv-11137 (N.D. Ill. Oct. 21, 2025); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779 at *2 (N.D. Ill. Oct. 16, 2025); Alejandro v. Olson, No. 25-cv-02027, 2025 WL 2896348, at *3 (S.D. Ind. Oct. 11, 2025). This court joins that majority.

The court finds that 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), and 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings for the same reasons as articulated in Judge Jenkins' opinion in Ochoa Ochoa v. Noem, 2025 WL 2938779 at *2-4 (N.D. Ill. Oct. 16, 2025).

First, the court rejects respondent's argument that 8 U.S.C. § 1252(a)(2)(B)(ii)—which states that "no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of

Homeland Security"—precludes this court from exercising jurisdiction over this case, because Flores's petition does not challenge a discretionary bond denial by an immigration judge.

Second, respondents' argument that 8 U.S.C. § 1252(b)(9) bars this court's review of legal questions concerning detention under §§ 1225 and 1226 was rejected by the Supreme Court, which held that "§ 1252(b)(9) does not present a jurisdictional bar" where, as here, those bringing suit "are not asking for review of an order of removal," "the decision to detain them in the first place or to seek removal," or "the process by which their removability will be determined." Jennings v. Rodriguez, 583 U.S. 281, 294-95 (2018).

Third, the court rejects respondents' argument that 8 U.S.C. § 1252(g)—which states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter"—because Flores does not challenge any of the three listed decisions or actions. See E.F.L. v. Prim, 986 F.3d 959, 964 (7th Cir. 2021) (explaining that "only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review").

B. Exhaustion and Standing

The court finds that requiring Flores to exhaust his remedies would be futile. In Matter of Yajure Hurtado, 29 I&N Dec. 216, 225 (BIA 2025), the Board of Immigration Appeals ("BIA") determined that "under a plain language reading of…8 U.S.C. § 1225(b)(2)(A), Immigration Judges lack authority to hear bond requests or to grant bond to aliens…who are present in the United States without admission." There is no reason to believe that an

4

immigration judge or the BIA will decide Flores's case differently "because the BIA has 'predetermined' the statutory issue." Ochoa Ochoa, 2025 WL 2938779 at *2 n.4 (quoting Gonzalez v. O'Connell, 355 F.3d 1010 at 1019 (7th Cir. 2004)) (cleaned up).

Absent extenuating circumstances, the only proper respondent in a habeas case is the detainee's immediate custodian. See Trump, 604 U.S. at 672; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); see generally Reimnitz v. State's Att'y of Cook Cnty., 761 F.2d 405, 409 (7th Cir. 1985) (explaining that in some circumstances "the important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom"). Flores is currently in custody at Baldwin. Respondents stated in court that they believe, but are "not certain," that the warden of Baldwin is Kimberly Ball. Thus, "Kimberly Ball, the Warden of the North Lake Processing Center" will be joined as a respondent in the caption pursuant to Federal Rule of Civil Procedure 19. Due to the uncertainty surrounding the identity of the detainee's immediate custodian, the other respondents will remain on the caption until Flores's immediate custodian is identified with certainty, at which point that custodian will be substituted for the rest of the listed respondents under Rule 25(d).

### C. Detention under §§ 1226(a) or 1225(b)(2)(A)

The court, in agreement with the majority of its sister courts, finds that the mandatory detention provision within the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens who are inadmissible under the INA but are already present in the country (such as Flores). See, e.g., Ochoa Ochoa, 2025 WL 2938779 at *4-5;

5

H.G.V.U. v. Smith, No. 25-cv-10931, 2025 WL 2962610, at *4-5 (N.D. Ill. Oct. 20, 2025). Rather, § 1226(a) applies to those individuals and entitles them to a bond hearing before an immigration judge. Jennings, 583 U.S. at 288. The court rejects the BIA's interpretation of the INA in Yajure Hurtado as incorrect as a matter of law, noting that it is neither binding on nor persuasive to this court.

**D. Due Process**

The court finds that the denial of bond based on Yajure Hurtado violates procedural due process. The Due Process Clause of the Fifth Amendment applies to noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Government detention in immigration proceedings may violate that clause except "in certain special and narrow nonpunitive circumstances where a special justification ... outweighs the individual's constitutionally protected interest in avoiding physical restraint." Id. at 690 (cleaned up). Courts apply a three-factor balancing test to determine whether a violation of procedural due process has occurred: (1) the private interest implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 334 (1976).

Here, Flores certainly has a private interest in his release, and there is a substantial risk of an erroneous deprivation of that interest. Flores has not yet had a bond hearing, and if he does so (absent this order), the immigration judge will deny bond on the basis that the Immigration Court

6

lacks authority to grant bond to Flores under Yajure Hurtado.  Having rejected the BIA's interpretation of the INA in Yajure Hurtado, and having found that § 1226(a) applies to Flores, this court concludes that he is entitled to an individualized bond hearing as provided therein.  See Salazar v. Dedos, No. 25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025); see also G.Z.T., C.A.G.Z., and N.C.G.Z. v. Smith et al, No. 25-cv-12802 (N.D. Ill. Oct. 21, 2025) (finding that detention without individualized bond hearing before an immigration judge amounts to a due process violation).  At the bond hearing, respondents must show by clear and convincing evidence that Flores poses a danger to the community or poses a risk of flight such that detention is necessary.  See Salazar, 2025 WL 2676729, at *8–9.  Finally, the Government's interest (including fiscal and administrative burdens) is minimal here.  See Ochoa Ochoa, 2025 WL 2938779 at *7.

## CONCLUSION

For the above reasons, the court grants Flores's petition [1]. Respondents are ordered to provide Flores with a bond hearing pursuant to the process outlined in 8 U.S.C. §1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by November 8, 2025, the court orders Flores to be released. The parties are directed to file a status report by November 10, 2025, updating the court on whether the ordered bond hearing was held and the status of his continued detention or release from custody. The clerk is directed to add "Kimberly Ball, Warden of the North Lake Processing Center" as a respondent. This matter is set for an what the court hopes to be a final, in-person status hearing on November 12, 2025, at 4:30 p.m.

ENTER:

Robert W. Gettleman

DATE: November 3, 2025